NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD SPARKS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-2340

---

Petition for review of the Merit Systems Protection Board in No. DA-0831-16-0264-I-1.

---

Decided: February 10, 2017

---

DONALD SPARKS, Temple, TX, pro se.

KENNETH SAMUEL KESSLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Donald Sparks ("Sparks") appeals from the decision of the Merit Systems Protection Board ("MSPB" or "the Board") affirming the Office of Personnel Management's ("OPM") dismissal of his request for reconsideration of OPM's denial of disability retirement benefits as untimely. *Sparks v. Office of Pers. Mgmt.*, No. DA-0831-16-0264-I-1, 2016 WL 3522930 (M.S.P.B. June 20, 2016) ("*Decision*"). Because the Board did not err in affirming OPM's dismissal, we *affirm*.

BACKGROUND

Sparks was employed by the Department of Veterans Affairs ("VA") as a housekeeping aid from 2007–2013. On December 6, 2012, Sparks submitted an application for immediate retirement pursuant to the Federal Employees Retirement System, indicating that he had become disabled on October 24, 2012. On his statement of disability form, he indicated that he suffered from "veteran service connected disability mental disorder affecting [his ability to have] gainful employment" and that his symptoms included "insomnia, nightmares, . . . anxiety, sweating, depression[,] nausea[,] back ache," and "ankle and leg pain" from an alleged job-related injury. Resp't's Informal Br. 9. Sparks described his disability as "Post-Traumatic Stress Disorder." *Id.*

On February 11, 2014, OPM issued an initial decision denying Sparks's application for disability retirement. In its decision letter, OPM informed Sparks that his application was denied because, *inter alia*: he "did not prove that [he had] a medical condition/s which resulted in a service deficiency in performance, conduct, or attendance . . . for at least one year"; none of his doctors had actually recommended disability retirement; and he did not request any formal accommodations, but instead resigned, making it "inconclusive whether or not [the agency] could have accommodated [him]." Resp't's App. ("R.A.") 31–34. OPM

also informed Sparks that he could submit a request for reconsideration of its decision by providing additional medical documentation, and that any such request must be "**received by OPM** within 30 days of the date of [the] letter." R.A. 35 (emphasis in original). The letter emphasized that "[i]f your request for reconsideration is received by OPM after the 30-day time limit, we must dismiss your request as not timely filed." *Id.* Thus, to be timely, Sparks's request for reconsideration was due no later than March 13, 2014.

On January 9, 2015, Sparks wrote OPM, stating, "I humbly request reconsideration of my disability retirement" and included two reports—from a doctor and an attorney—in support of his request. R.A. 39. On February 10, 2015 and February 15, 2015, Sparks supplemented his request for reconsideration with additional letters and documentation. R.A. 40–41.

On March 9, 2015, OPM informed Sparks that his January 9, 2015 request for reconsideration (received by OPM on January 15, 2015) was untimely because it was received well beyond the 30-day time limit specified in their February 11, 2014 letter. R.A. 42. OPM advised Sparks that he may, within 30 days of the March 9th letter, request a waiver of untimeliness and informed him of the regulatory criteria for doing so—namely, that he must show that he was either "not notified of the time limit and was not aware of it, or that [he] was prevented by circumstances beyond [his] control from making a timely request within the time limit." *Id.* (citing 5 C.F.R. § 831.109).

On March 28, 2015, Sparks sent additional medical documentation and information to OPM, requesting "reconsideration for [his] retirement," including a statement from one of his treating physicians indicating that he had treated Sparks from May 28, 2014 through 2015

and opining that Sparks was "Permanent[ly] Disabled."
R.A. 44.

On April 22, 2015, OPM treated Sparks's March 28,
2015 submission as a request for a waiver of untimeliness
and denied the request. OPM explained that Sparks had
failed to satisfy the regulatory waiver criteria. R.A. 45–
46. OPM stated:

> We reviewed all the information submitted. How-
> ever, the medical records and the additional pa-
> perwork provided did not prove that your
> reconsideration request could not have been filed
> timely. . . . Therefore, since you have not present-
> ed sufficient evidence to show that you were una-
> ble to file a request for reconsideration within the
> time limit provided by regulation, your reconsid-
> eration request is being dismissed as untimely
> filed.

*Id.* (citing 5 C.F.R. § 831.109).

On April 26, 2015, Sparks sought to appeal OPM's de-
cision to the MSPB, but misdirected his materials to
OPM. His materials included new evidence from a VA
award notice indicating that Sparks was entitled to
"individual unemployability" because he "is unable to
secure or follow a substantially gainful occupation as a
result of service connected disabilities." R.A. 48–50.

On July 30, 2015, Sparks sent another letter to OPM
entitled "Retirement Annuity appeal," in which he again
enclosed a copy of the July 16, 2015 VA award notice to
show that he was "100% total and permanent[ly] disabled
to work." *Id.* He also stated: "I truly hope this record can
be a part of my appeal for annuity retirement." *Id.*

On August 27, 2015, Sparks sent a letter to the MSPB
entitled "Retirement Appeal Claimant work status," to
which he included a copy of the VA's July 16, 2015 deci-

sion letter and requested that the MSPB "please submit this record with my appeal for annuity retirement." *Id.*

On March 11, 2016 and April 6, 2016, an administrative judge ("AJ") of the Board ordered Sparks to show cause why his MSPB appeal, which was filed more than 90 days late, should not be dismissed as untimely. R.A. 68–62, 80–81. After a response from Sparks, the AJ issued an order on May 3, 2016, indicating that, although Sparks's appeal was untimely, "good cause" existed for the untimeliness because "it appears that [Sparks] erroneously filed a second request for reconsideration with OPM, within the time period for filing a Board appeal." R.A. 86.

On June 20, 2016, the AJ issued an initial decision on the merits of Sparks's appeal. *See Decision*, 2016 WL 3522930. In that decision, the AJ affirmed OPM's dismissal of Sparks's request for reconsideration as untimely. *Id.* at *2. The AJ determined that Sparks failed to meet his burden of proving that "he was prevented by circumstances beyond his control from timely requesting reconsideration." *Id.* Specifically, the AJ found that Sparks failed to present evidence specific to the relevant time period—between March 2014 (when the request was due) and January 2015 (when Sparks filed the request)—to prove that his medical conditions and/or medications prevented him from timely filing his request. *Id.* at *6. The AJ concluded that "[t]he fact that he suffers from various medical issues, without more, is not sufficient to establish that he was prevented from timely requesting reconsideration." *Id.* at *6–7.

Sparks filed an appeal to this court before the AJ's initial decision could become the final decision of the Board. This court has held that, "when a petitioner files a petition for review with this court before an AJ's initial decision becomes final, the petitioner's appeal ripens once that initial decision becomes the final decision of the MSPB." *Jones v. Dep't of Health & Human Servs.*, 834

F.3d 1361, 1365 (Fed. Cir. 2016) (citations omitted). Because Sparks did not file a petition for review by the full Board, the AJ's initial decision became the final decision of the Board on July 25, 2016. *See Decision*, 2016 WL 3522930, slip op. at *7. Therefore, this case is now ripe for review and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

On appeal, Sparks's arguments are essentially directed toward the merits of OPM's initial decision, without addressing the fact that he untimely filed his request for reconsideration of that decision. As he did during the OPM proceedings and the MSPB appeal, Sparks again points to the VA determination that he qualified for a "100% unemployability" status on January 13, 2013 and that he suffers from "severe post traumatic stress disorder." Pet'r's Informal Br. 1. Thus, Sparks's argument appears to be that the medical condition(s) which prompted his initial application for disability retirement also prevented him from making a timely request for reconsideration of OPM's decision denying that application.

The government responds that: (1) the Board did not fail to take into account any facts; (2) the Board applied

the correct law—namely, that a waiver of OPM's 30-day deadline could be granted only when an individual shows that "he or she was not notified of the time limit and was not otherwise aware of it, or that he or she was prevented by circumstances beyond his or her control from making the request within the time limit," 5 C.F.R. § 841.306(d)(2); (3) the Board correctly applied the law to the facts of this case when concluding that, because Sparks failed to submit evidence specific to the relevant time period—between March 13, 2014, on which the 30-day deadline expired, and January 9, 2015, on which Sparks filed his untimely request for reconsideration—he did not meet his burden of proving by a preponderance of the evidence that he was prevented by circumstances beyond his control from making a timely request; and (4) Sparks has not presented any evidence undermining the Board's findings. Resp't's Informal Br. 19–25.

We agree with the government that the Board applied the correct law and that substantial evidence supports the Board's determination that Sparks failed to establish by a preponderance of the evidence that he was prevented by circumstances beyond his control from making a timely request for reconsideration of OPM's decision. *Decision*, 2016 WL 3522930, slip op. at *7. Specifically, the Board correctly found that: (1) record evidence indicates that Sparks's medical issues did not "in and of themselves prevent him from handling his affairs," and (2) Sparks failed to present evidence specific to the relevant time period to prove that his medical problems "actually prevented him" from making a timely request. *Id.*

For example, the Board noted that in 2010–2011, when Sparks claimed that his symptoms were the worst, he undertook activities indicating that he was "at times . . . able to manage his affairs, notwithstanding his medical issues." *Id.* at *5. Specifically, the Board noted that in 2010, Sparks entered into a settlement agreement regarding an Equal Employment Opportunity ("EEO")

complaint (May 2010), filed a claim of breach regarding that agreement (August 2010), and agreed to further mediation of the complaint (September 2010). *Id.* at *7. Even when Sparks was experiencing a worsening of his symptoms in September 2011, the Board observed, his physician determined that he was "nonetheless capable of managing his financial affairs" and did not "display gross impairment in thought processes or communication or intermittent inability to perform activities of daily living." *Id.* at 5–6 (internal quotation marks omitted).

The Board noted additional examples from 2012 indicating that he was at times capable of managing his affairs. In April 2012, he requested information regarding filing for disability retirement. *Id.* at *6. In June 2012, he filed a Notice of Disagreement in response to a decision from the VA on a claim he had filed. *Id.* In September 2012, he filed another EEO complaint and participated in an investigation of that complaint. *Id.* In December 2012, he completed his application for disability retirement. *Id.* In August 2012, the VA certified that Sparks was "job ready" and "likely to succeed in performing the duties" of a position for which he had applied. *Id.* Based on the foregoing, the Board found that Sparks's medical problems did not "in and of themselves prevent him from handling his affairs." *Id.* at *7. That factual finding was supported by substantial evidence.

Second, the Board identified the relevant time period for the untimeliness issue as between March 2014 (when the 30-day deadline expired) and January 2015 (when Sparks filed his untimely request for consideration). *Id.* at *6. Because Sparks presented no evidence specific to that time period that would prove that his medical conditions and/or medications prevented him from making a timely request, the Board concluded that Sparks had not met his burden of proving by a preponderance of the evidence that circumstances beyond his control "actually prevented him from doing so." *Id.* at *7. That conclusion

is in accordance with law and supported by substantial evidence.

We also find no abuse of discretion or error of law in the Board's decision. Sparks does not identify any evidence that the Board overlooked or that which would contradict the Board's conclusions. Rather, the record in this case supports (1) the Board's findings that Sparks was, at least at times, able to manage his affairs and that he failed to provide evidence specific to the relevant time period to show that he was unable to manage his affairs during that time, and (2) thus, its conclusion that Sparks failed to meet his burden of proving the regulatory waiver criteria by a preponderance of the evidence. 5 C.F.R. § 841.306(d)(2).

## CONCLUSION

We have considered Sparks's remaining arguments, but find them unpersuasive. For the foregoing reasons, the decision of the Board is affirmed.

## **AFFIRMED**

### COSTS

No costs.